# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| ISSA J. MITRI, | ) | CASE NO. 4:18-cv-2258 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| NABIL ABU RAHMA, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Defendants have moved to dismiss certain counts of plaintiff's complaint. (Doc. No. 13 (Motion to Dismiss ["MTD"]).) Plaintiff opposes the motion to dismiss. (Doc. No. 16 (Response to Motion to Dismiss ["MTD Opp'n"]).) Plaintiff has also sought leave to amend his complaint. (Doc. No. 17 (Motion to Amend ["MTA"]).) Defendants have not filed a response to the motion to amend, and the time for filing such a response has passed. For the reasons that follow, the Court GRANTS the motion to amend, and DENIES without prejudice the motion to dismiss.

Plaintiff Issa Mitri ("Mitri") filed a complaint on September 28, 2018, asserting diversity jurisdiction and raising claims for common law fraud (Count One), conversion (Count Two), negligence and negligent misrepresentation (Count Three), and breach of fiduciary duty (Count Four). (Doc. No. 1 (Complaint ["Compl."]) ¶ 6.) The claims all relate to a business venture between Mitri and defendants Nabil Abu Rahma ("Rahma"), Lena Amad Esmail ("Esmail"), and Mohammad Hajjawa ("Hajjawa"), involving the operation of a restaurant and grocery store. Pursuant to the parties' various agreements, Mitri agreed to purchase 50% of the restaurant and grocery from Esmail. (Compl. ¶ 16.) In connection with this transaction, Mitri executed a limited

power of attorney giving Rahma the right to exercise certain duties on Mitri's behalf in connection with the business. (*Id.* ¶¶ 16, 17, 21.) Mitri alleges that these transactions were fraudulent and that various defendants breached their fiduciary duties to him.[1]

On November 23, 2018, defendants filed their motion to dismiss the fraud and conversion claims against all defendants, and the breach of fiduciary claim against Hajjawa. With respect to Count One (fraud) and Count Two (conversion), defendants argue that the claims fail because the limited power of attorney executed by Mitri authorized Rahma to take action on Mitri's behalf and that, pursuant to that authority, Rahma executed a general partnership agreement that materially contradicts the allegations of fraud in the complaint. Defendants further argue that the conversion claim fails as it is duplicative of Count Four (breach of fiduciary duty). (MTD at 82-87.[2]) As to Count Four, defendants argue that Mitri has failed to plead an actual duty owed by Hajjawa, who owns no share of the restaurant and grocery. (*Id.* at 87.)

In his opposition, Mitri observes that the complaint does not allege that Rahma had the authority to enter into the general partnership agreement on Mitri's behalf, underscoring the fact that the limited power of attorney did not give Rahma the authority to modify the terms of the parties' agreement. (MTD Opp'n at 100-01.) Mitri also argues that, though Hajjawa may not have a contractual interest in the restaurant and grocery, he managed and control its operations on behalf of his wife, Esmail. This level of control, Mitri maintains, creates a fiduciary

---

[1] Counts One (fraud) and Two (conversion) are raised against all defendants. Count Three (negligence and negligent misrepresentation) is brought against Rahma, and Count Four (breach of fiduciary duty) is brought against Esmail and Hajjawi. (*See* Compl.)

[2] All page references are to the page identification number generated by the Court's electronic docketing system.

relationship. (*Id*. at 101-05.)

Mitri followed up the filing of his opposition brief with the filing of a motion for leave to file an amended complaint. While he denies that defendants' motion to dismiss has merit, he explains that he "proposes to amend the Complaint to cure the alleged pleading technicalities" highlighted in defendants' dispositive motion. (MTA at 107.) Appended to the motion is a proposed amended pleading. (Doc. No. 17-1 (Amended Complaint).)

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs Mitri's motion to amend and provides, in relevant part, that the Court should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of amendment" are among the reasons that a court may deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Ordinarily, there must be "at least some significant showing of prejudice to the opponent" before leave to amend will be denied. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

It is appropriate to address complaint deficiencies identified in a Rule 12 motion to dismiss with an amended pleading. *See generally Bishop v. Lucent Techs., Inc*., 520 F.3d 516, 521 (6th Cir. 2008) (finding that a motion to amend is frequently entertained in conjunction with a motion to dismiss and serves as an effective way of curing pleading deficiencies and more quickly reaching the merits of a dispute). Nonetheless, a motion to amend a complaint should be denied as futile when the complaint as amended would not survive a motion to dismiss. *See Jenkins v. Foot Locker Inc.*, 598 F. App'x 346, 350 (6th Cir. 2015); *Brown v. Owens Corning*

*Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010).

Based on the record to date, the Court finds no undue delay, prejudice to defendants, or a repeated failure to cure deficiencies in the pleadings. Mitri did not delay in bringing his motion inasmuch as the request to amend was filed in a timely fashion and before the Court has set a case management conference. Further, the motion comes before the parties have engaged in discovery. As such, defendants will not need to expend additional resources to address Mitri's new allegations and will not be prejudiced. Finally, the Court has reviewed the proposed amended complaint and finds that, without addressing the merits of defendants' motion to dismiss, the new allegations are directed to the deficiencies alleged in defendants' motion to dismiss.[3]

In light of the mandate of Rule 15(a) that leave should be "freely" given when "justice so requires," Mitri's motion to amend is GRANTED. Mitri shall file his amended complaint (Doc. No. 17-1) within seven (7) days of this order. As the amended complaint will supersede the complaint, *see B & H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 267 n.8 (6th Cir. 2008), defendants' motion to dismiss the complaint is DENIED without prejudice.

**IT IS SO ORDERED**.

Dated: April 19, 2019

                                                 **HONORABLE SARA LIOI**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[3] As noted above, defendants did not file an opposition to the motion to amend, and they have not otherwise argued that it would be futile to permit Mitri leave to amend.